**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20265
(Summary Calendar)


R. SCOTT HENDERSON, Etc.; ET AL.,

Plaintiffs,

versus

BANK UNITED, formerly known as Bank United
of Texas FSB,

Defendant-Third Party Plaintiff-Appellee,

versus

ALAN WILLIAM WHITELAW,

Third Party Defendant-Cross Defendant-Appellant,

versus

FIRST PROSPERITY BANK,

Third Party Defendant-Cross Claimant-Appellee.


Appeal from the United States District Court
for the Southern District of Texas, Houston
(H-97-CV-3470)


December 15, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Allan William Whitelaw ("Whitelaw"), appearing pro se, appeals from the district court's grant of summary judgment in favor of Bank United. Whitelaw argues that the district judge should have recused himself under 28 U.S.C. § 455 because of his knowledge of Whitelaw's criminal conduct learned from a related criminal case.

Generally, to warrant recusal, a judge's personal knowledge of evidentiary facts must be extrajudicial. Conkling v. Turner, 138 F.3d 577, 592-93 (5th Cir. 1998). However, opinions formed by a judge based on events occurring during ongoing proceedings are insufficient bases for recusal "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" Id. at 593 (quoting United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997)). We find Whitelaw's recusal arguments to be meritless and therefore AFFIRM the district court's grant of summary judgment in favor of Bank United.

AFFIRMED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.